Let me just say this. We know you're all geared up for 20 minutes each side, but we don't feel compelled to talk for 20 minutes. We'll sit and listen. Thank you, Your Honor. May it please the Court, Steven Shaw on behalf of Plaintiff and Appellant Emerson Jou. That's why we're talking about each of these cases, Your Honor. I understand. Violence. Okay. This is just a time in this matter that in a younger abstention that on the third prong of younger where the court didn't really apprehend the need in the state for the state remedy to be timely. I think we put forward enough in the record to show that a 415-day delay in the Hawaii Supreme Court would not be timely when we're talking about wrestling over an insurance commissioner's decision to suspend or reactivate statutes of limitations, which are two-year statutes of limitations. Well, you know here, how long has it taken you to get through our district court and up to this court? I feel bad about that too. And I think that's one of the reasons when I read some of the decisions, especially in this district court, that many of the decisions avoid mentioning the Gibson decision in the Supreme Court, which had the word timely in it. And many of these younger decisions that we see coming down even from the appellate panels do not have that word timely in them. But your case, Ninth Circuit case, Meredith v. Oregon, cited the Gibson case, and it did reflect the word timely. And it is something that we need in all courts, but particularly in the state of Hawaii when we're dealing with an insurance issue. Your 455-day delay is taken from some other kind of case in the Supreme Court. What kinds of delays have you been getting? Your Honor, I have a case right now where the Supreme Court denied an immediate court of appeals, denied leave to file an amended brief from the notice of appeal until now is over 900 days. Is this one of Mr. Drew's? No, it isn't. It's another case. This case is another insurance case involving Fireman's Fund. I had a case with HMSA. I believe it was sitting gathering dust in the appellate court for five or six years. And I cited in the record that case and what transpired to get it dislodged from the appellate court. I don't think that the Ninth Circuit can really apprehend the problem that we're having right here. And I understand the court's concern over its own delay. And I've seen decisions where the court said things about its own delay in the circuit decisions. But I agree it's a hard decision to make. But all I'm saying is we have federally protected rights. And we're going to a federal court to ask for immediate injunctive relief. And if we're getting thrown out on younger, all three prongs have to be there. Now, if this goes back on remand, perhaps the judge is going to find another way to kick us out, but not on younger. Thank you. Good morning, Your Honors. I'm David Weber, Deputy Attorney General on behalf of Insurance Commissioner J.P. Schmidt. Our brief, I think, has rather clearly set out that the district court correctly applied the younger doctrine in this case. And we urge this court to affirm on that ground. There's apparently no dispute that there are, in fact, ongoing state proceedings. There were at the time that this complaint was filed. And that fact was even conceded on the record. And it was abundantly- At what point are they now? Where is it in the state courts? I believe there are five cases specified or pointed out specifically in the TRO motion documents that were filed by plaintiffs below. All five of those at this point are in the state Supreme Court. I believe three of them at that time were before the insurance commissioner under the statutory jurisdiction that he has. At least one at that point, and that was Joe v. First Insurance, which he has specifically pointed to in his opening brief. I believe the commissioner's order on that one is excerpts of Record 26 and 27. That particular case was in the First Circuit Court on Appeal as provided under our Administrative Procedures Act. And at the time it was filed, I'm not sure where the other remaining cases that I haven't accounted for just now, but they were, in fact, all pending. And they are all now at this time in the state Supreme Court or before the Intermediate Court of Appeals. Are they before the state Supreme Court? All of the appeals under the current scheme, which will change in July, in fact, of this year, but the pipeline, Your Honor, is from the circuit court in this kind of situation to the Supreme Court, and then the Supreme Court assigns cases to the Intermediate Court of Appeals as under its criteria. Typically, these cases do go – well, I shouldn't say that. In fact, they may go to either court, depending on the – and if decided in the Intermediate Court of Appeals, then the Supreme Court may review the case further on a certiorari petition. Well, some of them have been sitting there for four or five years. I do not believe that any of these cases are at that length. I can't say for the court just what the times are on the five cases. So are you counsel on those cases? I am, Your Honor, on all of them. We don't know how long they've been up there. I didn't actually tally that up, Your Honor. I do know that – well, I can tell you that the first insurance company case, which is Supreme Court docket 26930, the notice of appeal to the Supreme Court was filed November 3, 2004, and that case has been assigned to the Intermediate Court of Appeals and is awaiting decision. I don't have the specifics on the other cases. I would urge the Court's attention, however, in the area of the timeliness of – in terms of adequacy of the opportunity to litigate federal issues and timeliness as a subset of that, if you will, that the Supreme Court in Moore v. Sims, which was a case that did involve the time before issues could be considered, that the Supreme Court pointed out that the considerations are basically bad faith or other extraordinary conditions. Extraordinary, the Court said, in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, and they spoke in terms of other sources of great immediate irreparable harm. In this case, and in all of these cases, the issue is, will Dr. Joe prevail on a claim for money? His claims involve reimbursement for services provided in automobile insurance claims under Hawaii's motor vehicle insurance laws. The state has an interest in adjudicating these claims expeditiously and does its best to do so, and for that very reason, the legislature created the forum wherein the insurance commissioner, if a party so chooses, has a quasi-judicial authority to resolve these matters in contested case proceedings. Other options include straight litigation of the classic variety and also arbitration, but this case and the other cases involve adjudication before the insurance commissioner. And in each of these cases, Dr. Joe was paid less than the amount which he claimed. He sought relief from the insurance commissioner, and the issue is, will he be paid the balance? There is nothing about resolution of that issue that involves great immediate or irreparable harm. Dr. Joe's brief has cast this in terms of some decision by the insurance commissioner as depriving him of his property interest in his claim, but of course it's manifest from the face of the documents in the record that all that has been done by the insurance commissioner in any of these cases is to adjudicate. In particular, the complaint is that he has applied a statute of limitations written by the legislature, and Dr. Joe alleges that he has applied it incorrectly. That is something that is readily correctable in the appellate process, which I might add in this case starts with a first level of appeal in the state circuit court, which has been in each of these cases, which has been fully exhausted, and the matters are being further appealed by Dr. Joe. But there is, in fact, immediate relief or timely and certainly adequate avenues and opportunities to raise the issues doesn't mean that it has to run the full length of the course, if you will, both on the first level of appeal, which by statute is to the circuit court, and the recognized as secondary appeal to the Supreme Court or intermediate court of appeals. So timeliness is something that all courts strive for. 415 days from the news reports that are referred to here as being a median time to resolve an appeal is a significant period of time, perhaps, but there is no showing whatsoever that there is any great or immediate or irreparable injury that would flow from the delays, and, in fact, the avenues in the circuit court are open, are expeditious, and have provided a forum already for these issues. So we submit that there simply is no extraordinary circumstance and that there is, in fact, an adequate opportunity to litigate federal claims that has been afforded in each of these cases. So all of the conditions of Younger are met, and under that circumstance, the district court simply did not have any discretion and had to dismiss the case. The claim talks about the insurance commissioner reinvigorating statute of limitations. Are some of these claims, are all of these claims being subjected to a statute of limitations, that bars part of them or all of them or something? There is a statutory provision, I believe the specific statute is Hawaii Revised Statute Section 431.10c.315, that provides a two-year statute of limitations, and in the facts of these cases in general, and I'm not certain that this appears, well, it is in the record, I believe, in the underlying findings of fact that were also submitted. In each of these cases, I believe what happened is that Dr. Joe submitted a bill to an insurance company. The insurance company paid part but not all of the amount, and silence followed that for a period of two years or more. The insurance commissioner's ruling simply looked at those facts established in the record before him and said, and not just before him but also before an independent hearings officer who prepares findings of fact, conclusions of law, and a recommended order. But the ultimate result in an order signed by the commissioner is that his ruling is that when you have received part payment but less than what you initially claimed and are then silent for a time exceeding the period of limitations, that after that you are barred from formally pursuing. That's the ruling he made. Again, whether that's right or wrong, that's a matter for review. All right. Any rebuttal? Meredith v. Oregon talks about the Moore v. Sims case at 321 Fed 3rd 818, but it still goes on to rely on Gibson v. Berryhill, which is the timeliness requirement. Even if it didn't and we had to show bad faith, the record that I presented shows that once we do get to a state court with something, the state court judges have a judicial selection commission that appoints them, and that judicial selection commission is four out of five votes people working for the insurance company. I don't mean just employees. I mean attorneys who have fiduciary duties to their insurance company clients who we sue. Now, these folks also decide who the judges are going to be on retention proceedings, and a retention for a state judge is over a million-dollar contract for a 10-year period. So not only are we getting delayed, but when we do get to court, we're faced with judges who are understandably worried about retention, and then we're sometimes even up against people that are represented directly on the judicial selection commission. For instance, Highland Insurance Company, whose vice president sits on that commission. The judges don't want to recuse themselves when this is brought to their attention. So not only do we have delay that helps the insurance companies, but we have total unfairness once we do get to court. And then when we do get one of these little administrative cases into a judicial setting, the review, the scope of review is too low. It's whether or not the 15-month delay in the agency, which led to the agency's decision, was correct or not by their standards. They can't decide whether or not we have a federally protected constitutional right to a cause of action under the Tulsa Professional Collections case that I cited in my briefs. They won't decide that. And there's no state case law that I know of that says that we have a federally recognized right in state causes of action. That's federal authority, and they haven't adopted that, to my knowledge, in Hawaii. So if we don't have a remedy here, we're stuck. We don't have a remedy. We're left with 15 months. The insurance commissioner sat on an ordinary reconsideration motion, reconsidered, reactivated statutes of limitations. Those don't just apply to Dr. Joe. The reality of the insurance industry is when one insurance company wins, they take that around. And so the insurance company goes into the same forum and says, even though it's unpublished, look what happened. And the hearing officer in the insurance commission will follow that. This decision wasn't made lightly by the commissioner. He intended to reactivate statutes of limitations, not only to my client, but to everybody. Thank you. That matter is submitted to recall in the next case.
judges: B. Fletcher, Pregerson, Canby